Argued September 15, affirmed November 24, 1975,
reconsideration denied January 7, petition for review
denied February 18, 1976

In the Matter of the Estate of Margaret Myer
Phillips, Deceased.

VEBERES et al, *Appellants, v.* PHILLIPS et al
(No. 5530) (CA 4145), *Respondents.*

542 P2d 928

*James Eickelberg,* Corvallis, argued the cause and filed the brief for appellants.

*Ben Graham, Jr.,* Dallas, argued the cause and filed the brief for respondent R. W. Phillips, Personal Representative.

No appearance for respondent Karen Jean Cooper.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Two of the four heirs of Margaret Myer Phillips appeal from an order approving the final account and decree of distribution of her intestate estate. The issues on appeal are whether the probate court erred in distributing the decedent's farm to the heirs as tenants in common despite a decree of partition by the circuit court entered by consent of the parties decreeing otherwise while the estate was in administration, which decree divided the farm property among the

four heirs, and whether the court erred in approving the fees of the personal representative and of his attorney.

Margaret Phillips died intestate on December 25, 1970. Her estate consisted of a farm of approximately 250 acres, some farm equipment and livestock, and a small amount of liquid assets. She had four children to whom the property passed by intestacy. ORS 112.045.

On February 23, 1971, R. W. Phillips, a son, was appointed personal representative. In November 1972, two of the heirs, appellants here, instituted a suit for partition of the farm. On January 10, 1974, each of the four heirs consented in open court pursuant to stipulation to a decree of partition of the property. The decree was entered on January 29, 1974. It gave the two appellants one-half of the land, divided by value, as tenants in common, and granted a one-fourth share to each of the other two heirs, who are respondents here.

The agreement of the heirs on partition was based, as the court found, on the belief of all of them that approximately seven acres which had been fenced out of the Phillips farm for many years was lost to them by adverse possession. After the partition decree, the personal representative learned that the adverse possessors had changed their minds and were then willing to deed the property to the heirs, which they did by a quitclaim deed to all four heirs dated February 12, 1974. However, the legal description used in the partition decree included as a part of the farm the seven acres all parties believed had been lost by adverse possession. Thus the partition decree so far as the four heirs were concerned gave appellants the seven acres in addition to the land which the parties thought they, as the heirs at law, actually owned. Appellants in

fact were given an extra six acres on the south end of their piece in the partition decree to compensate them for the presumed loss of the seven-acre piece. However, when the seven acres were deeded to the heirs, appellants did not give up the extra six acres they had received.

For reasons not disclosed by the record, none of the parties has sought to modify or set aside the partition decree. Instead, when the personal representative filed his final account and request for decree of distribution on February 26, 1974, he petitioned the court to distribute it to the four heirs in accordance with the laws of intestate succession. Appellants filed an objection to this request, stating that the land had been partitioned by the court in an earlier proceeding and was no longer in the possession of the personal representative. Respondent Cooper also filed an objection to the final accounting, alleging that the decree in the partition suit was erroneous and prevented an equal distribution of the real property.

After a hearing and the filing of a supplemental account, the probate court issued a letter opinion on November 5, 1974, stating that it was clear from the testimony that the partition decree was based on a mutual mistake of all parties and was inequitable. The opinion said that while the court did not have jurisdiction to set aside the partition decree, it did have authority to follow the statutory rule of descent of real property, and decreed distribution to the heirs as tenants in common. This decree was entered December 17, 1974.

Appellants assert that distribution to the heirs as tenants in common constituted error by the probate court since the circuit court had already partitioned the land.

ORS 116.113(1) authorizes the probate court to

decree final distribution of an estate and to apportion the estate among the heirs or devisees in accordance with a will, with an agreement, or with the law of intestate succession:

"* * * In its decree the court shall designate the persons in whom title to the estate available for distribution is vested and the portion of the estate or property to which each is entitled *under the will, by agreement approved by the court or pursuant to intestate succession.* * * *" (Emphasis supplied.)①

In this case there was no will. The court distributed the property to the heirs as tenants in common and not as the partition decree required. The question raised by appellant's contention is whether the partition decree constituted an "agreement" which the court under ORS 116.113(1) was required to approve when two of the heirs expressly did not want it approved because the result would be inequitable.

We conclude that the partition decree was not an agreement before the probate court and that it did not bind the probate court, although it did bind the individual heirs as of the time the property was distributed to them by the probate court. *See, Helvey v. O'Neill,* 153 Ind App 635, 288 NE2d 553 (1972). This conclusion is based on a consideration of the probate and partition statutes.

Under ORS 114.225, the personal representative "has a right to and *shall take* possession and control of the estate of the decedent," with the exception of property already in the possession of an heir or devisee and not needed for administration. (Emphasis

---

① Uniform Probate Code § 3-911 gives the probate court jurisdiction to partition property in which it is distributing undivided interests to heirs or devisees, but in adopting its new probate code in 1969, Oregon omitted that provision. *See:* Am Jur 2d, New Topic Service, Uniform Probate Code § 132; Uniform Probate Code Practice Manual 164, § 12.12.

supplied.) The personal representative did take possession of the farm and other assets of the Phillips estate. The statutes providing for a shift of that possession to heirs or devisees are ORS 116.013 to 116.043, providing for a decree of partial distribution before an estate is closed, and ORS 116.113, providing for a decree of final distribution along with approval of the final accounts to close an estate. None of the heirs petitioned for partial distribution. Under the probate code, the right to possession of the estate remained in the personal representative and jurisdiction remained in the probate court until final distribution was decreed.

■ ORS 105.205, provides that a suit for partition may be maintained in the following circumstances:

> "When several persons hold real property as tenants in common, in which one or more of them have an estate of inheritance * * * any one or more of them may maintain a suit for the partition of the real property according to the respective rights of the persons interested therein * * *."

The term "estate of inheritance" refers to an estate which can be inherited, as, for example, a fee simple as opposed to a life estate. Black's Law Dictionary (4th ed rev 1968). Under ORS 114.215(1)(a), the heirs in this case owned the farm as tenants in common in fee simple, so were appropriate parties to a partition suit. There is no Oregon statute prohibiting or regulating suits for partition of land in an open estate. However, ORS 105.205 allows the suit "according to the respective rights of the persons interested" in the land. The fee interest of the heirs was vested under ORS 114.215(1)(a), but was subject to the right of possession in the personal representative until distribution of the estate.

Final distribution of an estate is not decreed until taxes are paid and all claims have been processed.

Partial distribution is not allowed until Oregon inheritance taxes have been paid or consent of the Department of Revenue obtained and until the probate court has ascertained that sufficient assets will remain in the estate to pay unpaid creditors, support for spouse and children, and expenses of administration. ORS 116.013.

Recognizing exclusive control over distribution in the probate court carries out the purposes of the distribution statutes and contributes to orderly administration of estates. Allowing the circuit court in another capacity to distribute the property would disrupt estate administration.

■ The probate court is also given responsibility for determining who takes what interests in the estate. ORS 116.113(4) provides:

"The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the decree."

We conclude that at the time of distribution the partition decree did not constitute an agreement of the heirs under ORS 116.113(1). Therefore, it did not bind the probate court in making distribution and that court was correct in distributing the property to the heirs as tenants in common.

As the trial court concluded, the probate court was not the proper forum to seek modification of the partition decree when the seven acres were deeded back to the heirs. Should the heirs choose to return to the equity court, possible remedies are available for them to pursue, whether as an original suit under ORS 16.460(1) or based upon alleged mutual mistake of fact.

The second objection raised on this appeal is that the probate court erred in approving the fees of the personal representative and his attorney. Appellants contend that both fees were unreasonably high and were not based on competent evidence.

The personal representative was paid $2,300 over four years of administration. This was $422 more than the fee calculated according to ORS 116.173(1)(a) on the value of the estate reported in the second amended inventory. ORS 116.173(2) authorizes further compensation for extraordinary and unusual services. After hearing the testimony and personally questioning both the personal representative and his lawyer, the trial judge concluded that the additional fee was justified by the length of the proceeding, by the substantial savings effected for the heirs and by the preservation of the estate due to the personal representative's necessary activities.

██ Approval of extraordinary fees for a personal representative is within the discretion of the probate court and will not be disturbed unless the court abuses that discretion. We find the evidence supports the award. *State Land Board v. Doyle,* 213 Or 368, 384-85, 322 P2d 908 (1958); *In re Feehely's Estate,* 182 Or 246, 266, 187 P2d 156, 173 ALR 1334 (1947).

█ The estate's attorney testified that he reasonably and necessarily worked 130 hours on the estate and that his normal charge of $35 per hour was reasonable. His fee of $4,000 was less than he would have charged at that hourly rate. The probate court approved the fee as reasonable and necessary under ORS 116.183. This matter is also within the discretion of the probate court and we accept its determination. *State Land Board v. Doyle,* supra.

Affirmed.